1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| E.H., | CASE NO. C23-1743JLR |
| Plaintiff, | ORDER |
| v. |  |
| ISSAQUAH SCHOOL DISTRICT, et al., |  |
| Defendants. |  |

## I. INTRODUCTION

Before the court is Defendant Washington Office of Superintendent of Public Instruction's ("OSPI") motion to be dropped from this litigation pursuant to Federal Rule of Civil Procedure 21. (Mot. (Dkt. # 39); Reply (Dkt. # 42).)[1] Plaintiff E.H., litigating

---

[1] OSPI titles its motion as one for "judgment on the pleadings" but appears to rely on Federal Rule of Civil Procedure 21 as the basis for its motion. (Mot. at 1, 6.) "A judgment on the pleadings is a decision on the merits," *Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989), but the "[m]isjoinder of parties is not a ground for dismissing an action," Fed. R. Civ. P. 21.  Because

ORDER - 1

on behalf of her minor child R.M., opposes the motion to the extent that granting it would interfere with her rights in this case. (Resp. (Dkt. # 40).) Defendant Issaquah School District (the "School District") "takes no position on OSPI'[s] motion and arguments and defers to the Court regarding the same." (7/16/24 Submission (Dkt. # 41).) The court has considered the parties' submissions, the relevant portions of the record, and the applicable law. Being fully advised,[2] the court GRANTS OSPI's motion.

## II. BACKGROUND

This case arises out of an administrative due process hearing E.H. initiated over the School District's provision of special education services to R.M. (*See generally* Am. Compl. (Dkt. # 26).) On August 17, 2023, Administrative Law Judge Courtney Beebe issued a final order in the School District's favor. (*See generally* Final Order (Dkt. # 31-1).) OSPI was not a party to those proceedings. (*See generally id.*) On November 14, 2023, E.H. filed a complaint in this court against the School District to appeal Administrative Law Judge Beebe's final order. (Compl. (Dkt. # 1).) On April 2, 2024, E.H. filed an amended complaint naming the School District and OSPI as codefendants. (Am. Compl. at 1.) E.H. added OSPI to this matter because "the Washington State Uniform Declaratory Judgments Act requires the attorney general to be served with a copy of the proceedings and is entitled to be heard if a party to the proceeding alleges that

---

OSPI simply seeks to be dropped from this litigation, rather than a merits determination in its favor, the court construes OSPI's motion as one under Rule 21.

[2] Neither side requests oral argument (*see* Mot. at 1; Resp. at 1), and the court concludes that oral argument would not aid in its disposition of OSPI's motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

a law within the state is unconstitutional." (*Id.* ¶ 3.10.) *See generally* RCW 7.24.110. On July 1, 2024, OSPI filed the present motion, acknowledging that it has had the opportunity to be heard in this matter and believes the case should proceed with the School District as the sole defendant. (*See generally* Mot.) OSPI's motion is now ripe for review.

### III.     ANALYSIS

The court provides the relevant legal standard before turning to OSPI's motion.

**A.     Rule 21 Legal Standard**

Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The decision to add or drop a party is left to the district court's sound discretion. *See Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015). That discretion, however, is "bounded by: (1) Rule 19, such that indispensable parties may not be dropped; and (2) Rule 21's own requirement that no party be prejudiced." *Avenatti v. Fox News Network LLC*, 41 F.4th 125, 135 (3d Cir. 2022); *see also La. Mun. Police Emps.' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1057 (9th Cir. 2016) (noting that the court may dismiss a party from a lawsuit "provided that she is not an indispensable party under Rule 19"). A person is a necessary party under Rule 19(a) if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or

ORDER - 3

|   |   |
|---|---|
| 1 | (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. |
| 2 | |

Fed. R. Civ. P. 19(a)(1).  Thus, a person may be dropped pursuant to Rule 21 if (1) the person "was a dispensable party under Rule 19," and (2) "dropping him would not be prejudicial."  *Avenatti*, 41 F.4th at 131.

**B.    OSPI's Motion**

OSPI argues that it is not a necessary party under Rule 19 because (1) "Plaintiff may obtain complete relief as to the underlying dispute" and (2) "any OSPI interest in this case would be adequately represented by the existing parties and OSPI's absence will not expose the parties to [the] risk of multiple or incongruent obligations."  (Mot. at 10.)  E.H. acknowledges that OSPI need not "be heard if they do not wish to be heard" but notes that it "is unclear from OSPI's briefing whether they understand that [E.H.'s] Complaint places WAC 392-172A-031015 in jeopardy of being ruled unconstitutional."  (Resp. at 3, 5.)  OSPI clarifies in its reply brief that, should the court reach E.H.'s constitutional argument and rule in her favor, "OSPI would certainly reassess its rule" but "that possible future outcome does not require OSPI's involvement in the present matter."  (Reply at 3.)

The court has little difficulty concluding that OSPI is a dispensable party under Rule 19 and that E.H. would not be prejudiced by OSPI's absence.  The court can grant E.H. complete relief in OSPI's absence.  As OSPI correctly notes, "if Plaintiff prevails this Court can order the [School] District to reimburse Plaintiff for the costs of R.M.'s private placement and other private services, as well as pay Plaintiff's attorney fees,

without involving OSPI as a party." (Reply at 3.) E.H. can also bring her constitutional challenge to WAC 392-172A-031015 without further involvement from OSPI in this lawsuit, as noted above. Moreover, the School District will not incur any risk of multiple or otherwise inconsistent obligations in OSPI's absence and is capable of adequately representing any interest OSPI may have in the outcome of this litigation.

In sum, because OSPI was not a party to the underlying administrative proceedings and is a dispensable party in this case, the court finds that just terms exist to drop OSPI from this litigation. OSPI had the opportunity to be heard and declined to take it. The court will not require the Attorney General to litigate this matter further.

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS OSPI's motion (Dkt. # 39) and dismisses E.H.'s claims against OSPI without prejudice.

Dated this 27th day of August, 2024.

JAMES L. ROBART
United States District Judge